UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH, | 4:17-CV-04156-LLP |
| Plaintiff, | |
| vs. | ORDER DISMISSING CASE |
| KURTIS BROWN, Correctional Officer, individual and official capacity; JOHN SHYNE, LIEUTENANT, Special Security, SDSP individual and official capacity; DAVID STEPHAN, Agent at DCI, individual and official capacity; KEITH DITMANSON, Unit Manager, SDSP, individual and official capacity; DARIN YOUNG, SDSP Warden, individual and official capacity; JENNIFER WAGNER, Deputy Warden, SDSP, individual and official capacity; FRANK GEAGHAN, Assistant Attorney General, SD, individual and official capacity; DOUGLAS P. BARNETT, Assistant Attorney General, SD, individual and official capacity; WILLIAM H. GOLDEN, Assistant Attorney General, SD, individual and official capacity; KATIE MALLERY, Assistant Attorney General, SD, individual and official capacity; PAIGE BOCK, Assistant Attorney General, SD, individual and official capacity; TAMMY SUNDE, Assistant Attorney General, SD, individual and official capacity; ROBIN J. HOUWMAN, Circuit Court Judge, individual and official capacity; MARTY JACKLEY, Attorney General, SD, individual and official capacity; BOB DOOLEY, South Dakota State Warden, individual and official capacity; and HEATHER BOWERS, Nurse, individual and official capacity; | |
| Defendants. | |

This matter is before the court on its own motion. Plaintiff, Bruce Edgar Smith, filed this lawsuit pursuant to 18 U.S.C. §§ 241 & 242. Docket 1. On February 6, 2018, the court denied Smith's motion to proceed in forma pauperis because Smith is a barred filer pursuant to 28 U.S.C. § 1915(g). Section 1915(g) precludes this court from granting in forma pauperis status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The court found that three of Smith's previous complaints were dismissed as frivolous, malicious, or failed to state a claim and that Smith failed to allege that he was under imminent danger of serious physical injury. As a result, the court ordered Smith to pay the full filing fee of $400.00 to the clerk of court by March 8, 2018, if he wished to proceed. Docket 6. The court further ordered that the case would be dismissed without prejudice if Smith failed to comply. *Id.* The March 8, 2018 deadline has passed, and Smith has not paid the $400 filing fee. Smith did, however, file a letter asking this court to reconsider its February 6, 2018 order denying Smith in forma pauperis status. Docket 7.

A district court's decision on a motion for reconsideration rests within its discretion. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 414. Smith claims no error of law, fact, or newly discovered evidence. *See* Docket 7. Rather, Smith expresses his strong disagreement with this court's order. Smith argues he is under imminent danger of serious physical injury as a result of a "conspiracy to convict [him] of a felony crime." *See id.* at 7.

The imminent danger of serious physical injury exception ". . . focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). To establish that the inmate is under imminent danger of serious physical injury, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing a likelihood of imminent serious physical injury." *Id.* In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998), the Eighth Circuit stated that the exception applies only if the prisoner alleges that he is in imminent danger "at the time of *filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) The Eighth Circuit also has been reluctant to apply the imminent danger exception unless the alleged ongoing danger exposes the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), with *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir.2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

While Smith claims to have met the standard, Smith's allegation of imminent danger of serious physical injury is a conspiracy to convict him of a felony crime. Docket 7 at 2. Smith provides no specific factual allegations of how defendants are attempting to convict him nor does he address the required imminent physical injury. *See Martin*, 319 F.3d at 1050; *see also, Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) ("plaintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not

3

enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

Furthermore, the court suspects that Smith is referencing one of his state criminal trials, *State v. Bruce Edgar Smith,* Minnehaha County Crim. File No. 13-7319. There, Smith was indicted for slimming a correctional officer and a jury found him not guilty of the offense. *Id.* It appears that Smith is attempting to again seek a "remedy for past misconduct," but this does not satisfy the imminent threat of serious physical injury standard. *See Martin*, 319 F.3d at 1050. And, the fact that Smith may have faced danger in the past also fails to satisfy the standard. *See Ashley*, 147 F.3d at 717. Thus, Smith's case is dismissed for failing to comply with the court's order to pay the full filing fee. *See* Fed. R. Civ. P. 41(b).

Therefore, it is

ORDERED that Smith's complaint (Docket 1) is dismissed without prejudice because Smith failed to comply with this court's order.

Dated this 26th day of March, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: _____
Deputy

4